UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**1 1 5 1 7 WGY**

DOCKET NO:

|  |  |
|---|---|
| CLAIRE GAGNE, Plaintiff, | RECEIPT # _____ AMOUNT $150 NOTICE OF REMOVAL SUMMONS ISSUED ____ UNITED STATES LOCAL RULE 4.1 ____ DISTRICT COURT WAIVER FORM ____ MAGISTRATE JUDGE ____ MCF ISSUED ____ BY DPTY. CLK. ____ DATE ____ |
| v. |  |
| J.C. PENNEY COMPANY, INC., Defendant. |  |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

Please take notice, pursuant to 28 U.S.C. Section 1446, that the defendant as named above, J.C. Penney Company, Inc., respectfully petitions this Court for removal of the above-captioned action, from the First District Court of Essex County (Salem District Court) of the Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. The grounds for removal are as follows:

1. On or about April 16, 2004, the above plaintiff filed a Complaint against the above defendant, J.C. Penney Company, Inc., in the Commonwealth of Massachusetts, First District Court of Essex County. A true and accurate copy of said Summons and Complaint is attached hereto as Exhibit "A." Plaintiff served a copy of her Summons and Complaint upon the defendant J.C. Penney Company, Inc., on June 7, 2004.[1]

2. This civil action is pending in Essex County Massachusetts, and accordingly, under 28 U.S.C. §§101 and 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal.

---

[1] In filing this Notice of Removal, the defendant does not waive any defenses with regard to service of process or the adequacy of process.

3.  The present action is a civil action in which this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, and may be removed to this Court pursuant to 28 U.S.C. §1446.

4.  Although the plaintiff has stated as damages an amount less than $75,000 in her state court "Statement of Damages," attached hereto as Exhibit "B," it is the defendant's position in seeking removal herein that the amount in controversy would exceed $75,000, based upon the nature of plaintiff's personal injury claims. See e.g. DeAguilar v. Boeing Co., 47 F. 3d 1414 (5th Cir. 1995). Therefore, plaintiff states that the amount in controversy meets the statutory requirement.

5.  Based upon the allegations in plaintiff's Complaint, the plaintiff is a resident of the Commonwealth of Massachusetts, Essex County.

6.  Plaintiff alleges that the defendant, J.C. Penney Company, Inc., is a Delaware corporation with a principal place of business in the State of Texas.

7.  The defendant is neither a resident of the Commonwealth of Massachusetts nor has a principal place of business in Massachusetts.

8.  This Notice of Removal has been filed within thirty (30) days of service of the Complaint upon the defendant, and thus has been filed in a timely manner pursuant to U.S.C. §1446.

9.  Because complete diversity of citizenship exists between plaintiff and defendant, and as defendant takes the position that the amount in controversy in this action exceeds the sum of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), removal is proper pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1446.

10. Written notice of this motion will be given to the plaintiff promptly after the filing of this motion.

11. The defendant will file a notice of the filing of this Notice of Removal and a copy of this Notice of Removal with the Clerk of the First District Court of Essex County for the Commonwealth of Massachusetts.

12. Pursuant to Local Rule 81.1(A), the defendant shall request of the Clerk of the Court for the First District Court of Essex County, certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein, and shall file the same with this Court within thirty (30) days after the filing of this Notice of Removal.

WHEREFORE, for the foregoing reasons, the defendant J.C. Penney Company, Inc. respectfully requests that the above-captioned matter pending in the First District Court of Essex County, Massachusetts be removed and that this Court take jurisdiction for trial and determination.

>The Defendant,
>J.C. Penney Company, Inc.
>By its attorneys,
>
>_____
>Richard R. Eurich, BBO #156600
>Philip M. Hirshberg, BBO #567234
>MORRISON MAHONEY, LLP
>250 Summer Street
>Boston, MA 02210-1181
>(617) 439-7500

Dated: 7/6/04

3

## CERTIFICATE OF SERVICE

I, Philip M. Hirshberg, do hereby certify that I have, this date, served the foregoing document, by certified mail, return receipt requested to Eldon D. Goodhue, Esq., Law Offices of Eldon D. Goodhue, P.C., 458 Newburyport Turnpike, Suite 3, Topsfield, MA 01983.

Dated: July 6, 2004

_____
Philip M. Hirshberg BBO#567234
MORRISON MAHONEY, LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                      DISTRICT COURT
                                                SALEM DIVISION
                                                C.A. NO.

CLAIRE GAGNE,                    )
Plaintiff                        )
                                 )
V.                               )              COMPLAINT
                                 )
J.C. PENNEY COMPANY INC.,        )
Defendant                        )

NOW comes the Plaintiff, Claire Gagne, and she complains of the Defendant and alleges the following as causes of action:

### COUNT ONE

1. The Plaintiff, Claire Gagne, is domiciled at 15 Heritage Drive, Apt. 31, Salem, Essex County, Massachusetts.

2. The Defendant, J.C. Penney Company Inc., is a Delaware Corporation with a principal place of business at 6501 Legacy Drive, Plano, Texas.

3. The Defendant, J.C. Penney Company Inc., is subject to personal jurisdiction in this Commonwealth under Massachusetts General Laws, Chapter 223A, Section 3.

LAW OFFICES OF
ELDON D. GOODHUE P.C.
458 NEWBURYPORT
TURNPIKE
TOPSFIELD,
MASSACHUSETTS
01983


EXHIBIT A

4. On or about December 29, 2002, the Plaintiff, Claire Gagne, was a patron of J.C. Penney Co. Inc., located at 210 Andover Street, Peabody, Essex County, Massachusetts.

5. On or about December 29, 2002, the Defendant, J.C. Penney Company Inc., negligently failed to keep their premises safe for patrons, and use reasonable care in allowing a stocking rack to remain in the middle of an isle in the Womens Department of their store, after the store was open for business.

6. The stocking rack, aforesaid mentioned, is an oversized rack at the bottom, and presented an unreasonably dangerous tripping hazard for patrons walking in the isle.

7. As a direct and proximate result of the aforesaid negligence of the Defendant, the Plaintiff tripped and fell over the stocking rack, causing severe personal injury to the Plaintiff.

8. As a direct and proximate result of the aforesaid negligence of the Defendant, J.C. Penney Co. Inc., the Plaintiff, Claire Gagne, has incurred great pain and suffering and mental anguish, all to the Plaintiff's damage.

9. As a direct and proximate result of the aforesaid negligence of the Defendant, and the aforesaid injuries of the Plaintiff, Claire Gagne, the Plaintiff was placed under

LAW OFFICES OF
ELDON D. GOODHUE P.C.
458 NEWBURYPORT
TURNPIKE
TOPSFIELD,
MASSACHUSETTS
01983

the care of a physician, has incurred medical expenses, and will continue to incur medical expenses.

WHEREFORE, the Plaintiff, Claire Gagne, prays for judgment against the Defendant, J.C. Penney Co. Inc., together with interest and the costs of this action, and for such other further relief as the Court may deem proper.

## COUNT TWO

10. The Plaintiff, Claire Gagne, repeats, reavers and realleges the allegations contained in Paragraphs 1 through 9 above, and incorporates them herein by reference.

11. On or about December 29, 2002, the Defendant, J.C. Penney Co. Inc., negligently failed to warn the Plaintiff and others of the dangerous tripping hazard existing in the isle where Plaintiff was injured.

12. As a direct and proximate result of the aforesaid negligent failure of the Defendant, J.C. Penney Co. Inc., to warn the Plaintiff, Claire Gagne, the Plaintiff has incurred great pain and suffering and mental anguish, all to the Plaintiff's damage.

13. As a direct and proximate result of the aforesaid negligent failure to warn of the Defendant, J.C. Penney Co. Inc., and the aforesaid injuries of the Plaintiff, Claire

LAW OFFICES OF
ELDON D. GOODHUE P.C.
458 NEWBURYPORT
TURNPIKE
TOPSFIELD,
MASSACHUSETTS
01983

06/15/2004  14:52   972-431-_.33          JCP LEGAL DEPT                    PAGE  07/22

Gagne, the Plaintiff, was placed under the care of a physician, has incurred medical expenses, and will continue to incur medical expenses.

WHEREFORE, the Plaintiff, Claire Gagne, prays for judgment against the Defendant, J.C. Penney Co. Inc., together with interest and the costs of this action, and for such other further relief as the Court may deem proper.

Dated: April 13, 2004

> For the Plaintiff,
> Claire Gagne,
> By her attorneys,
> Law Offices of Eldon D. Goodhue, PC
>
> _____
> Eldon D. Goodhue, Esq.
> B.B.O. #201520
> 458 Newburyport Turnpike, Suite 3
> Topsfield, MA 01983
> (978) 887-2000

LAW OFFICES OF
ELDON D. GOODHUE P.C.
458 NEWBURYPORT
TURNPIKE
TOPSFIELD,
MASSACHUSETTS
01983

| STATEMENT OF DAMAGES<br>St. 1996, c. 358, s. 5 | DATE FILED (To be added by Clerk) | DOCKET NUMBER (To be added by Clerk) | Trial Court of<br>Massachusetts |
|---|---|---|---|
| PLAINTIFF(S)<br>CLAIRE GAGNE | | DEFENDANT(S)<br>J.C. PENNEY COMPANY INC. | |
| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES IN BERKSHIRE, ESSEX, MIDDLESEX AND NORFOLK COUNTIES. | | SALEM   DISTRICT COURT | |

### TORT CLAIMS | AMOUNT

A. Documented medical expenses to date:  $ _____

   1. Total hospital expenses: .............................................. $ 12,529.16

   2. Total doctor expenses: ............................................... $ _____

   3. Total chiropractic expenses: ......................................... $ 756.00

   4. Total physical therapy expenses: ..................................... $ 1,013.00

   5. Total other expenses (Describe): ——————————

   SUBTOTAL: $14,298.1(

B. Documented lost wages and compensation to date: ........................ $ _____

C. Documented property damages to date: ................................... $ _____

D. Reasonably anticipated future medical and hospital expenses: ........... $ _____

E. Reasonably anticipated lost wages: ..................................... $ _____

F. Other documented items of damage (Describe): ——————————

G. Brief description of Plaintiff's injury, including nature and extent of injury (Describe):
   Plaintiff suffered injuries to her neck,
   back, shoulders, arm, right knee, and
   leg as a result of this accident.

TOTAL: $14,298.16

For this form, disregard double or treble damage claims; indicate single damages only.

### CONTRACT CLAIMS | AMOUNT

Provide a detailed description of claim(s): ——————————

$ _____
$ _____
$ _____

TOTAL: $ _____

For this form, disregard double or treble damage claims; indicate single damages only.

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):

Signature: _____   Date: 4/13/04

Print or Type Name: Eldon D. Goodhue, Esq.   B.B.O.# BB#201520

Address: 458 Newburyport Tpke. Suite-3
Topsfield, MA 01983
978-887-2000

DEFENDANT'S NAME AND ADDRESS:
JC Penney Co. Inc.
6501 Legacy Drive
Plano, TX

**EXHIBIT B**

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Claire Gagne

**DEFENDANTS**

J.C. Penney Company, Inc.

(b) County of Residence of First Listed Plaintiff __Essex__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Eldon D. Goodhue, Esquire
458 Newburyport Turnpike, Suite 3
Topsfield, MA  01983   (978) 887-2000

Attorneys (If Known) (617) 439-7508
Richard R. Eurich, Esquire
Morrison Mahoney LLP
250 Summer Street, Boston, MA  02210

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | Product Liability | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE 7/6/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  Claire Gagne v. J.C. Penney Company, Inc.
_____

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright
cases

   _X_ III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___ IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___ V.      150, 152, 153.


3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

          None
   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                          YES ___      NO _X_

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)

                                                          YES ___      NO _X_

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                          YES ___      NO _X_

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?