UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04-11517 WGY

| | |
|---|---|
| CLAIRE GAGNE,<br>　　Plaintiff,<br><br>v.<br><br>J.C. PENNEY COMPANY, INC.,<br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **ANSWER OF DEFENDANT J.C.<br>PENNEY COMPANY, INC. TO<br>PLAINTIFF'S AMENDED<br>COMPLAINT** |

**FIRST DEFENSE**

The amended complaint of the plaintiff fails to state a claim against the defendant upon which relief can be granted in that the defendant has no obligation to pay the plaintiff any amount of the loss or damage alleged.

**SECOND DEFENSE**

The defendant, J.C. Penney Company, Inc. responds to the allegations in the plaintiff's amended complaint, as follows:

1. The defendant neither admits nor denies, because it has no personal knowledge of same, the allegations in Paragraph 1. The defendant calls upon the plaintiff to prove those allegations.

2-4. The defendant agrees with the allegations in Paragraphs 2-4.

5. The defendant agrees that, on December 29, 2002, it operated and maintained a department store located at 210 Andover Street, Peabody, Massachusetts. The defendant neither admits nor denies all other allegations in Paragraph 5 because it has no personal knowledge of same, and calls upon the plaintiff to prove same.

6-10.   The defendant denies the allegations in Paragraph 6-10, denies that the plaintiff is entitled to recovery, in any amount, from the defendant and calls upon the plaintiff to prove same.

11.   The defendant incorporates by reference its responses to the allegations in Paragraphs 1-10 of the plaintiff's amended complaint, as if each such response were separately set forth.

12-14.   The defendant denies the allegations in Paragraphs 12-14, denies that the plaintiff is entitled to recovery, in any amount, from the defendant, and calls upon the plaintiff to prove same.

### THIRD DEFENSE

The defendant says that the negligence of the plaintiff was greater than the alleged negligence of the defendant and that such negligence of the plaintiff contributed to her alleged injury and, therefore, the plaintiff is barred from recovery under M.G.L., c. 231, §85.

### FOURTH DEFENSE

The defendant says that the plaintiff was guilty of comparative negligence and that the damages, if any, recovered by the plaintiff from the defendant should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L., c. 231, §85.

### FIFTH DEFENSE

The defendant says that the plaintiff, by her conduct and actions and/or by the conduct and actions of her agents, servants and other representatives, cannot recover in this action.

Respectfully Submitted,
The Defendant,
J.C. Penney Company, Inc.
By its attorneys,

/s/ Philip M. Hirshberg
_____
Richard R. Eurich, BBO #156600
Philip M. Hirshberg, BBO #567234
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

## JURY CLAIM

The defendant, J.C. Penney Company, Inc. demands a trial by jury on all issues.

By its attorneys,

/s/ Philip M. Hirshberg
_____
Richard R. Eurich, BBO #156600
Philip M. Hirshberg, BBO #567234
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

### CERTIFICATE OF SERVICE

I, Philip M. Hirshberg, do hereby certify that I have, this date, served the foregoing document, by First Class Mail, postage prepaid, to Eldon D. Goodhue, Esq., Law Offices of Eldon D. Goodhue, P.C., 458 Newburyport Turnpike, Suite 3, Topsfield, MA 01983.

Dated: July 29, 2004

/s/ Philip M. Hirshberg
_____
Philip M. Hirshberg BBO#567234
MORRISON MAHONEY, LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500