| Civil DOCKET | DOCKET NUMBER<br>200436CV000395 | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|

| CASE NAME | CURRENT COURT |
|---|---|
| CLAIRE GAGNE vs. J.C. PENNEY COMPANY INC. | Salem District Court<br>65 Washington Street<br>Salem, MA 01970-3572<br>(978) 744-1167 |

| ASSOCIATED DOCKET NO. | DATE FILED<br>04/16/2004 | DATE DISPOSED<br>07/21/2004 | |
|---|---|---|---|

| PLAINTIFF(S) | PLAINTIFF'S ATTORNEY |
|---|---|
| P01  CLAIRE GAGNE<br>15 HERITAGE DRIVE<br>APT 31<br>SALEM, MA 01970 | ELDON D. GOODHUE<br>458 NEWBURYPORT TPKE., STE. 3<br>TOPSFIELD, MA 01983<br>(978) 887-2000 |

| DEFENDANT(S)/OTHER SINGLE PARTIES | DEFENDANT'S ATTORNEY |
|---|---|
| D01  J.C. PENNEY COMPANY INC.<br>6501 LEGACY DRIVE<br>PLANO, TX | RICHARD R. EURICH<br>250 SUMMER ST<br>BOSTON, MA 02210<br>(617) 439-7508 |

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 1 | 04/16/2004 | Complaint filed on 04/16/2004 at Salem District Court. |
| 2 | 04/16/2004 | Appearance for Claire Gagne filed by Attorney ELDON D. GOODHUE 458 Newburyport Tpke., Ste. 3 Topsfield MA 01983 BBO# 201520 |
| 3 | 04/16/2004 | Filing fee of $180.00 and surcharge of $15.00 paid (G.L. c.262 §§ 2 & 4C). |
| 4 | 04/16/2004 | Statement of damages filed by P01 CLAIRE GAGNE (Dist./Mun.Cts.Supp.R.Civ.P. 102A). |
| 5 | 04/16/2004 | DISMISSAL UNDER STANDING ORDER 1-88 TIME STANDARDS potentially applicable on 04/29/2005 06:01 PM. |
| 6 | 04/16/2004 | DISMISSAL UNDER MASS.R.CIV.P. 4(j) potentially applicable on 07/30/2004 06:01 PM. |
| 7 | 04/16/2004 | ANNUAL CIVIL LITIGATION FEE DUE TO BE ASSESSED on 04/29/2005 06:01 PM. |

| Page 1 of 2 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST.CLERK<br>X  *[signature] Robert L. Arena* | DATE<br>7/30/04 |
|---|---|---|---|

Date/Time Printed: 07/30/2004 11:55 AM

CLERK/MAGISTRATE

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SALEM DISTRICT COURT
                                              DOCKET NO: 0436CV395

| | |
|---|---|
| CLAIRE GAGNE,<br>    Plaintiff, | )<br>)<br>)<br>) |
| v. | )<br>) |
| J.C. PENNEY COMPANY, INC.,<br>    Defendant. | )<br>)<br>) |

### NOTICE OF FILING OF NOTICE OF REMOVAL

Please take notice that a Notice of Removal, a true and correct copy of which is attached hereto, was filed by the Defendant, J.C. Penney Company, Inc., in the office of the Clerk of the United States District Court for the District of Massachusetts, Eastern Division, One Courthouse Way, Boston, MA, on the 6th day of July, 2004, relative to the removal and transfer of the above-captioned action.

                                    The Defendant,
                                    J.C. Penney Company, Inc.
                                    By their attorneys,


                                    _____
                                    Richard R. Eurich, BBO #156600
                                    Philip M. Hirshberg, BBO #567234
                                    MORRISON MAHONEY, LLP
                                    250 Summer Street
                                    Boston, MA 02210-1181
                                    (617) 439-7500

Dated: 7/8/04

A TRUE COPY, ATTEST:

_____
CLERK-MAGISTRATE

## CERTIFICATE OF SERVICE

I, Philip M. Hirshberg, do hereby certify that I have, this date, served the foregoing document upon Eldon D. Goodhue, Esq., Law Offices of Eldon D. Goodhue, P.C., 458 Newburyport Turnpike, Suite 3, Topsfield, MA 01983, by sending a copy of same by United States Certified Mail, Return Receipt Requested.

Dated: July 8, 2004

Philip M. Hirshberg BBO#567234
MORRISON MAHONEY, LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500



A TRUE COPY, ATTEST:

CLERK-MAGISTRATE

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500
FACSIMILE: 617-439-7590

Philip M. Hirshberg
phone: (617) 737-8860
fax: (617) 342-4929
phirshberg@morrisonmahoney.com

| MASSACHUSETTS | CONNECTICUT |
|---|---|
| BOSTON | HARTFORD |
| FALL RIVER | |
| SPRINGFIELD | NEW YORK |
| WORCESTER | NEW YORK |
| RHODE ISLAND | ENGLAND |
| PROVIDENCE | LONDON |

July 8, 2004

Clerk for Civil Business
First District Court of Essex
65 Washington Street
Salem, MA 01970

Re:   **Claire Gagne v. J.C. Penney Company, Inc.**
      **Civil Action No. 0436CV395**

Dear Sir or Madam:

Enclosed for filing and docketing in the above-referenced matter, please find the following:

1.   Notice of Filing of Notice of Removal.

Thank you for your cooperation in this matter.

Very truly yours,

Richard R. Eurich
Philip M. Hirshberg

PMH/jdn
Enclosures

cc:   Eldon D. Goodhue, Esquire
      (by certified mail, return receipt requested)

A TRUE COPY, ATTEST:

_____
CLERK-MAGISTRATE
CLERK/MAGISTRATE

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500
FACSIMILE: 617-439-7590

Philip M. Hirshberg
phone: (617) 737-8860
fax: (617) 342-4929
phirshberg@morrisonmahoney.com

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER

RHODE ISLAND
PROVIDENCE

CONNECTICUT
HARTFORD

NEW YORK
NEW YORK

ENGLAND
LONDON

July 8, 2004

Clerk for Civil Business
First District Court of Essex
65 Washington Street
Salem, MA 01970

Re:   **Claire Gagne v. J.C. Penney Company, Inc.**
      **Civil Action No. 0436CV395**

Dear Sir or Madam:

Enclosed please find a copy of a Notice of Removal to the United States District Court in this matter, which was filed on July 6, 2004.

As per the Federal Rules, I am required to submit to the Federal Court certified copies of all records and pleadings in the State Court, as well as a certified copy of the docket sheet, within thirty (30) days of filing the Notice of Removal.

By this correspondence, I request such materials. To that end, kindly contact me at the above telephone number at your earliest convenience to inform me of the total cost for obtaining certified copies of the above-requested materials.

I appreciate your cooperation in this matter. If you have any questions or require any additional materials from this office, kindly feel free to call.

Very truly yours,

Richard R. Eurich
Philip M. Hirshberg

PMH/jdn
Enclosures
cc:   Eldon D. Goodhue, Esquire

A TRUE COPY, ATTEST:

CLERK-MAGISTRATE

[Seal: Trial Court of the Commonwealth of Massachusetts, Salem Division]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 11517 WGY                    DOCKET NO:

)
CLAIRE GAGNE,                   )
        Plaintiff,              )
                                )
v.                              )   NOTICE OF REMOVAL TO
                                )   UNITED STATES FEDERAL
                                )   DISTRICT COURT
J.C. PENNEY COMPANY, INC.,      )
        Defendant.              )
                                )

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

Please take notice, pursuant to 28 U.S.C. Section 1446, that the defendant as named above, J.C. Penney Company, Inc., respectfully petitions this Court for removal of the above-captioned action, from the First District Court of Essex County (Salem District Court) of the Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. The grounds for removal are as follows:

1. On or about April 16, 2004, the above plaintiff filed a Complaint against the above defendant, J.C. Penney Company, Inc., in the Commonwealth of Massachusetts, First District Court of Essex County. A true and accurate copy of said Summons and Complaint is attached hereto as Exhibit "A." Plaintiff served a copy of her Summons and Complaint upon the defendant J.C. Penney Company, Inc., on June 7, 2004.[1]

2. This civil action is pending in Essex County Massachusetts, and accordingly, under 28 U.S.C. §§101 and 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal.

---

[1] In filing this Notice of Removal, the defendant does not waive any defenses with regard to service of process or the adequacy of process.

A TRUE COPY, ATTEST:

CLERK-MAGISTRATE

3. The present action is a civil action in which this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, and may be removed to this Court pursuant to 28 U.S.C. §1446.

4. Although the plaintiff has stated as damages an amount less than $75,000 in her state court "Statement of Damages," attached hereto as Exhibit "B," it is the defendant's position in seeking removal herein that the amount in controversy would exceed $75,000, based upon the nature of plaintiff's personal injury claims. See e.g. DeAguilar v. Boeing Co., 47 F. 3d 1414 (5th Cir. 1995). Therefore, plaintiff states that the amount in controversy meets the statutory requirement.

5. Based upon the allegations in plaintiff's Complaint, the plaintiff is a resident of the Commonwealth of Massachusetts, Essex County.

6. Plaintiff alleges that the defendant, J.C. Penney Company, Inc., is a Delaware corporation with a principal place of business in the State of Texas.

7. The defendant is neither a resident of the Commonwealth of Massachusetts nor has a principal place of business in Massachusetts.

8. This Notice of Removal has been filed within thirty (30) days of service of the Complaint upon the defendant, and thus has been filed in a timely manner pursuant to U.S.C. §1446.

9. Because complete diversity of citizenship exists between plaintiff and defendant, and as defendant takes the position that the amount in controversy in this action exceeds the sum of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), removal is proper pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1446.

2

A TRUE COPY, ATTEST:

_____
CLERK-MAGISTRATE

10. Written notice of this motion will be given to the plaintiff promptly after the filing of this motion.

11. The defendant will file a notice of the filing of this Notice of Removal and a copy of this Notice of Removal with the Clerk of the First District Court of Essex County for the Commonwealth of Massachusetts.

12. Pursuant to Local Rule 81.1(A), the defendant shall request of the Clerk of the Court for the First District Court of Essex County, certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein, and shall file the same with this Court within thirty (30) days after the filing of this Notice of Removal.

WHEREFORE, for the foregoing reasons, the defendant J.C. Penney Company, Inc. respectfully requests that the above-captioned matter pending in the First District Court of Essex County, Massachusetts be removed and that this Court take jurisdiction for trial and determination.

The Defendant,
J.C. Penney Company, Inc.
By its attorneys,

*/signature/*
Richard R. Eurich, BBO #156600
Philip M. Hirshberg, BBO #567234
MORRISON MAHONEY, LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Dated: 7/6/04

3

A TRUE COPY, ATTEST:

_____
CLERK-MAGISTRATE

## CERTIFICATE OF SERVICE

I, Philip M. Hirshberg, do hereby certify that I have, this date, served the foregoing document, by certified mail, return receipt requested to Eldon D. Goodhue, Esq., Law Offices of Eldon D. Goodhue, P.C., 458 Newburyport Turnpike, Suite 3, Topsfield, MA 01983.

Dated: July 6, 2004

_____
Philip M. Hirshberg BBO#567234
MORRISON MAHONEY, LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500



A TRUE COPY, ATTEST:

_____
CLERK-MAGISTRATE

4

06/15/2004  14:52  972-4- 1133              JCP LEGAL DEPT                    PAGE  04/22

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                              DISTRICT COURT
                                                        SALEM DIVISION
                                                        C.A. NO.


CLAIRE GAGNE,                    )
Plaintiff                        )
                                 )
V.                               )              COMPLAINT
                                 )
J.C. PENNEY COMPANY INC.,        )
Defendant                        )


NOW comes the Plaintiff, Claire Gagne, and she complains of the Defendant and alleges the following as causes of action:

### COUNT ONE

1. The Plaintiff, Claire Gagne, is domiciled at 15 Heritage Drive, Apt. 31, Salem, Essex County, Massachusetts.

   A TRUE COPY, ATTEST:

2. The Defendant, J.C. Penney Company Inc., is a Delaware Corporation with a principal place of business at 6501 Legacy Drive, Plano, Texas.

   CLERK-MAGISTRATE

3. The Defendant, J.C. Penney Company Inc., is subject to personal jurisdiction in this Commonwealth under Massachusetts General Laws, Chapter 223A, Section 3.

LAW OFFICES OF
ELDON D. GOODHUE P.C.
456 NEWBURYPORT
TURNPIKE
TOPSFIELD,
MASSACHUSETTS
01983


EXHIBIT A

4. On or about December 29, 2002, the Plaintiff, Claire Gagne, was a patron of J.C. Penney Co. Inc., located at 210 Andover Street, Peabody, Essex County, Massachusetts.

5. On or about December 29, 2002, the Defendant, J.C. Penney Company Inc., negligently failed to keep their premises safe for patrons, and use reasonable care in allowing a stocking rack to remain in the middle of an isle in the Womens Department of their store, after the store was open for business.

6. The stocking rack, aforesaid mentioned, is an oversized rack at the bottom, and presented an unreasonably dangerous tripping hazard for patrons walking in the isle.

7. As a direct and proximate result of the aforesaid negligence of the Defendant, the Plaintiff tripped and fell over the stocking rack, causing severe personal injury to the Plaintiff.

A TRUE COPY, ATTEST:

CLERK-MAGISTRATE

8. As a direct and proximate result of the aforesaid negligence of the Defendant, J.C. Penney Co. Inc., the Plaintiff, Claire Gagne, has incurred great pain and suffering and mental anguish, all to the Plaintiff's damage.

9. As a direct and proximate result of the aforesaid negligence of the Defendant, and the aforesaid injuries of the Plaintiff, Claire Gagne, the Plaintiff was placed under

LAW OFFICES OF
ELDON D. GOODHUE P.C.
458 NEWBURYPORT
TURNPIKE
TOPSFIELD,
MASSACHUSETTS
01983

the care of a physician, has incurred medical expenses, and will continue to incur medical expenses.

WHEREFORE, the Plaintiff, Claire Gagne, prays for judgment against the Defendant, J.C. Penney Co. Inc., together with interest and the costs of this action, and for such other further relief as the Court may deem proper.

## COUNT TWO

10. The Plaintiff, Claire Gagne, repeats, reavers and realleges the allegations contained in Paragraphs 1 through 9 above, and incorporates them herein by reference.

11. On or about December 29, 2002, the Defendant, J.C. Penney Co. Inc., negligently failed to warn the Plaintiff and others of the dangerous tripping hazard existing in the isle where Plaintiff was injured.

**A TRUE COPY, ATTEST.**

12. As a direct and proximate result of the aforesaid negligent failure of the Defendant, J.C. Penney Co. Inc., to warn the Plaintiff, Claire Gagne, the Plaintiff has incurred great pain and suffering and mental anguish, all to the Plaintiff's damage.

**CLERK-MAGISTRATE**

13. As a direct and proximate result of the aforesaid negligent failure to warn of the Defendant, J.C. Penney Co. Inc., and the aforesaid injuries of the Plaintiff, Claire

LAW OFFICES OF
ELDON D. GOODHUE P.C.
458 NEWBURYPORT
TURNPIKE
TOPSFIELD,
MASSACHUSETTS
01983

Gagne, the Plaintiff, was placed under the care of a physician, has incurred medical expenses, and will continue to incur medical expenses.

WHEREFORE, the Plaintiff, Claire Gagne, prays for judgment against the Defendant, J.C. Penney Co. Inc., together with interest and the costs of this action, and for such other further relief as the Court may deem proper.

Dated: April 13, 2004

> For the Plaintiff,
> Claire Gagne,
> By her attorneys,
> Law Offices of Eldon D. Goodhue, PC
>
> Eldon D. Goodhue, Esq.
> B.B.O. #201520
> 458 Newburyport Turnpike, Suite 3
> Topsfield, MA  01983
> (978) 887-2000

A TRUE COPY, ATTEST:

_____
CLERK-MAGISTRATE

LAW OFFICES OF
ELDON D. GOODHUE P.C.
458 NEWBURYPORT
TURNPIKE
TOPSFIELD,
MASSACHUSETTS
01963

06/15/2004  14:52   972-43  :33              JCP LEGAL DEPT                    PAGE  03/22

Form DCM-13

# Commonwealth of Massachusetts
## District Courts of Massachusetts

ESSEX, ss                                          FIRST DISTRICT COURT OF ESSEX

                                                   65 Washington Street, Salem, MA

CLAIRE GAGNE,
Plaintiff
V.                                                 Civil Action No. 0436CV395
J.C. PENNEY COMPANY INC.,
Defendant

## SUMMONS
(Rule 4)

To defendant __JC Penney Company Inc. c/o Resident Agent,__ of __CT Corporation System 101 Federal Street, Boston,__ MA
                                (name)                                    (address)

You are hereby summoned and required to serve upon __Eldon D. Goodhue, Esq.,__ plaintiff('s attorney), whose address is __458 Newburyport Tpke. #3 Topsfield, MA__, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS __Samuel E. Zoll,__ , Presiding Justice, on __5/20/04__
                                                        (date)
(SEAL)

_____ CLERK/MAGISTRATE

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

### RETURN OF SERVICE

On _____ I served a copy of the within summons, together with a copy of the
      (date of service)
complaint in this action, upon the within named defendant, in the following manner (see Rule 4...)

A TRUE COPY, ATTEST

true copy Attest
6/7/04

_____
(signature)

CLERK-MAGISTRATE
(name and title)

_____
(address)

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4 (f).
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court, and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, sec. 31).

This form prescribed by the Chief Justice of the District Courts